PAINTER, J.,
dissenting.
hi respectfully dissent from the decision of the majority herein.
The majority finds that the evidence submitted by Deronza was insufficient to support the contempt ruling against Larry. Specifically, it finds that she did not prove the amount of arrears from the 1999 support judgment with specificity, that she did not show either the amount of time that Larry failed to have insurance coverage on *172 the children or the amount she spent on either insurance or their medical expenses. It further finds that the trial court erred in failing to give Larry credit for payments made after the children reached the age of majority.
I disagree and would defer to the trial court’s credibility based findings of fact.
When findings are based on determinations regarding the credibility of witnesses, the manifest error-elearly wrong standard demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said.
Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) (citations omitted).
The trial court found that although Der-onza did not show the period of time for which Larry failed to provide insurance for the children, Larry admitted that he did |2not have insurance for a period of ten months. Since Larry did not contest Der-onza’s testimony that it cost her $140.00 per month to add the children to her health insurance coverage, I would find that the trial court did not err in awarding her an amount representing ten months of premiums at $140.00 per month. Further with regard to the medical expenses claimed, Larry had the opportunity at the hearing to question Deronza about those bills. He did not object to the bills or question Deronza about them. He admitted that he knew that he owed Deronza for medical bills.
Larry further admitted that he had not made any payments on the 1999 contempt judgment because he felt he did not owe it.
Additionally, Larry failed to introduce copies of the checks made after the second child reached the age of majority. Therefore, it is impossible to know to know whether checks were actually sent, to whom they were made out, how many such checks were sent, and whether there was any notation on the checks of the purpose for which they were sent. Larry had the burden of proving these payments, and, the trial court continued a prior hearing in order to give him time to obtain records, but he failed to do so. Under the circumstances, this court cannot while giving the trial court’s findings the deference required by the manifest error standard of review, say that the trial court erred in finding that Larry failed to carry his burden of showing payments.
Accordingly, I would affirm the judgment of the trial court.